UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN WHITE and SHELLI PARK, husband and wife and marital community composed thereof,

Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE COMPANY; LIBERTY INSURANCE CORPORATION,

Defendants.

CASE NO. C20-841 MJP

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This is an action for a declaratory judgment and damages filed by Plaintiffs John White and Shelli Park (referred to in briefing as "the Whites") against Defendants Liberty Mutual Insurance Company and Liberty Insurance Corporation (hereinafter referred together as "Liberty"). (Dkt. No. 10.) The Whites claim Liberty breached its duty to defend under a homeowner's insurance policy when it denied their claim for legal defense after they were sued by the City of Burien, Washington. Id. They allege breach of contract and violations of the

Insurance Fair Conduct Act ("IFCA") and the Washington Consumer Protection Act ("WCPA"). (Dkt. No. 10.)

The Court denied Plaintiffs' motion for partial summary judgment. (Dkt. No. 25.) Although Liberty had a duty to defend, Plaintiffs did not prove, at summary judgment, that Liberty unreasonably refused to defend such that the Whites were entitled to a presumption of harm; as a result, Plaintiffs had not proven their claims for breach of the duty to defend, coverage by estoppel, or violation of IFCA. (Dkt. No. 10 at 12.) Defendants now move for summary judgment, arguing that Plaintiffs' claims should be dismissed. (Dkt. No. 26.) After considering Defendants' motion, (Dkt. No. 26), Plaintiffs' response, (Dkt. Nos. 27, 28), Defendants' reply, (Dkt. Nos. 29, 30), and all relevant papers and proceedings herein, the Court DENIES Defendants' motion for summary judgment.

**Background**

The relevant factual and procedural background is contained in this Court's decision denying Plaintiffs' motion for partial summary judgment. (Dkt. No. 25 at 1–5.) Nevertheless, it is worth reciting several facts here. The Whites, who own real estate in Burien, Washington, purchased a homeowner's insurance policy from Defendant Liberty Insurance Corporation and an umbrella liability policy from Liberty Mutual Insurance Company on October 14, 2015. (Dkt. No. 12, Declaration of John White ("White Decl."), Ex. A.; Dkt. No. 14 at 9.) Under the policy, Liberty agreed to indemnify the Whites up to the policy limit for liability for any claims of property or personal-injury damages and agreed to pay for legal defense for such claims. (White Decl., Ex. A.) The policy's most relevant exception is for damage that "is expected or intended by the insured" or "aris[es] out of a premises . . . owned by an insured." Id. The City of Burien sued the Whites for unpermitted construction at their property and other activity on September 28, 2018, seeking

equitable and declaratory relief, a money judgment including civil penalties, costs, and attorney fees. (Dkt. No. 13, Declaration of Thomas M. Williams ("Williams Decl."), Ex. A.)

The Whites tendered the lawsuit to Liberty on November 5, 2019. (Williams Decl., Ex. B at 3.) Liberty assigned a claims adjustor but apparently took no action for five months until it informed the Whites, on April 22, 2020, that it could not accept or reject their request for defense because it would have to investigate further. (White Decl., Ex. B.) The Whites sued Liberty on June 3, 2020. (Dkt. No. 1.) On June 12, they served Liberty with an IFCA complaint. (Dkt. No. 15, Declaration of Sarah L. Eversole ("Eversole Decl."), Ex. 4); see Wash. Rev. Code § 48.30.015(8)(a).

On July 23, 2020, Liberty offered to cover the cost of legal defense for the Burien lawsuit subject to a full reservation of rights, including the right to withdraw defense or deny coverage, as well as the right to seek judicial resolution of coverage issues. (White Decl., Ex. C.) The Whites' attorneys informed Liberty they were rejecting the offer because it came after this lawsuit, unless Liberty agreed to pay whatever the Whites owed Burien, regardless of policy limits, plus all past defense costs. (Williams Decl., Ex. C.)

## Discussion

### A. Legal Standard

Summary judgment is proper where "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To defeat a motion for summary judgment, the non-movant must point to facts supported by the record which demonstrate a genuine issue of material fact. Lujan v. National Wildlife Foundation, 497 U.S.

871, 888 (1990). Conclusory, non-specific statements are not sufficient. Id. at 889. Similarly, "a party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda." S.A. Empresa v. Walter Kidde & Co., 690 F.2d 1235, 1238 (9th Cir. 1982).

**B. An Insurer's Duty to Defend**

Under Washington law, which governs this diversity action, an insurer has a duty to defend if the insurance policy "conceivably covers the allegations in the complaint" against the insured. Woo v. Fireman's Fund Ins. Co., 161 Wn.2d 43, 53 (2007). In other words, the insurer must defend unless a claim is clearly not covered. Expedia, Inc. v. Steadfast Ins. Co., 180 Wn.2d 793, 803 (2014). "[A]ny reasonable interpretation" of the policy that invokes coverage for the insured will control the question of whether a duty to defend has arisen, and the insured is entitled to the benefit of any uncertainty, whether legal or factual. Am. Best Food v. Alea London, Ltd., 168 Wn.2d 398, 405 (2010). "The duty to defend is a valuable service paid for by the insured and one of the principal benefits of the liability insurance policy." Woo, 161 Wn.2d at 54.

The duty to defend is distinct from and broader than the duty to indemnify. Am. Best Food, 168 Wn.2d at 404. Ultimately, an insurer must indemnify only for claims covered by the policy. Id. But the insurer must provide legal defense for any complaint that is "conceivably" covered. Id. For this reason, if an insurer believes it will ultimately be relieved of its duty to indemnify, it may choose to defend subject to a reservation of its rights under the policy and may also choose to file a separate action seeking a declaratory judgment that it has no coverage obligation. Truck Ins. Exch. v. Vanport Homes, Inc., 147 Wn.2d 751, 761 (2002) ("A reservation of rights is a means by which the insurer avoids breaching its duty to defend while seeking to avoid waiver and estoppel.").

If an insurer breaches its duty to defend, it must put the insured in "as good a position he or she would have been had the contract not been breached." Kirk v. Mt. Airy Ins. Co., 134 Wn.2d 558, 561 (1998). Damages include expenses, including attorney fees in the underlying proceeding, and the amount of the judgment against the insured. Id. However, where an insurer breaches in bad faith, harm to the insured is assumed and the insurer is estopped from denying coverage and is liable for any underlying judgment. Id. at 564. "[T]he insurer can rebut the presumption by showing by a preponderance of the evidence its acts did not harm or prejudice the insured." Safeco Ins. Co. of Am. v. Butler, 118 Wn.2d 383, 394 (1992).

**C. Liberty's Arguments**

Liberty offers no new evidence in its moving papers. (See Dkt. No. 26.) Rather, it argues that the Court's order denying partial summary judgment for the Whites precludes a jury finding in favor of the Whites on any of their claims. Liberty overinterprets the Court's decision. The Court, construing all evidence in the record before it in favor of Liberty, as it must on summary judgment, found that the Whites failed to prove certain elements of their claims. That is different from holding that the Whites could not prove those elements as a matter of law.

More precisely, the Court found that the Whites did not prove they were harmed by Liberty's conduct or that they were entitled to a presumption of harm because Liberty acted in bad faith. (Dkt. No. 25 at 9–11.) In fairness to the Whites, they had not submitted evidence on the element of harm. (See Dkt. Nos. 11, 12, 13, 16, 17.) The thrust of their argument was that they were entitled to a presumption of harm because Liberty delayed in responding to their claim, constructively denied their claim in the April 22, 2020 letter, and only agreed to defend after the Whites sued. The Whites did not include evidence to show that they were harmed by Liberty's delay or constructive denial, e.g., because they incurred additional defense costs, their

position was affected in the underlying litigation, or some other reason. If the Whites had prevailed on the issue of bad faith, they would have necessarily prevailed on breach of the duty to defend. The Court merely found, on the record before it, that Plaintiffs did not show Liberty had acted in bad faith. (Dkt. No. 25 at 10.)

However, in opposition to Defendants' motion here, Plaintiffs have included a declaration from one of their attorneys in the underlying lawsuit stating that the Whites have incurred $255,000 in defense costs from the date Burien sued the Whites (September 28, 2018) to the date Liberty agreed to defend (July 23, 2020). (Dkt. No. 28, Declaration of Rebecca S. Ashbaugh ("Ashbaugh Decl.") at 2). While Plaintiffs would have benefitted from a more precise accounting of costs, they have at least raised an issue of fact for a jury as to harm attributable to Liberty's delay in agreeing to defend. Certainly, having to pay defense costs amounts to harm to the insured; even if a court later finds an insurer is not obligated to defend, the insurer cannot recoup defense costs it paid to that point under a reservation of rights. Nat'l Sur. Corp. v. Immunex Corp., 176 Wn.2d 872, 887 (2013).

In reply, Defendants argue that they have partially reimbursed the Whites for defense costs as of May 11, 2021. (Dkt. Nos. 29, 30.) In particular, on April 15, 2021, after it was notified of a demand letter from the City of Burien to settle the full amount of recoverable fees and costs against the Whites for $170,000, Liberty offered to pay that amount while its review of their claim continued. (Dkt. No. 29, Declaration of Sarah L. Eversole ("Eversole Decl."), Ex. 10). That payment was apparently made on May 11. Id. at Ex. 12. Whatever the merits of this argument (and even assuming this payment is in partial satisfaction of Liberty's duty to defend, rather than its duty to indemnify), there is not a sufficient factual basis for the Court to determine the full extent of the defense costs and how much the $170,000 payment would cover.

Defendants have certainly not shown they have made Plaintiffs whole. See Kirk v. Mt. Airy Ins. Co., 134 Wn.2d 558, 561 (1998).

Finally, Liberty also argues that Plaintiffs cannot recover attorney fees for this proceeding because "Liberty did not deny or dispute coverage, or force the Whites to litigate an issue of coverage." (Dkt. No. 26 at 13.) But Liberty's offer of defense came on July 23, 2020—only after this lawsuit was filed, on June 3, 2020, and over eight months after the Whites first tendered the lawsuit, on November 5, 2019. While the Court noted the Whites were responsible for some delays (the tender came thirteen months after the City of Burien's lawsuit was filed), a reasonably jury could find that the Whites were forced to sue before Liberty agreed to defend. See Olympic S.S. Co., Inc. v. Centennial Ins. Co., 117 Wn.2d 37, 52 (1991) ("When an insured purchases a contract of insurance, it seeks protection from expenses arising from litigation, not 'vexatious, time-consuming, expensive litigation with his insurer.'").

The Court has considered the rest of Defendants' arguments and finds them to be without merit. The motion is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 14, 2021.

Marsha J. Pechman
United States Senior District Judge